IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ROBERT SAAVEDRA,

    Petitioner,

v.                                                                           CIV 01-64 MV/KBM

TIM LeMASTER, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER

    Petitioner filed a *habeas corpus* petition under 28 U.S.C. § 2254 on January 16, 2001 **[Doc. No. 1]**. The Magistrate Judge filed Proposed Findings and Recommended Disposition on April 17, 2001 **[Doc. No. 10]**. Petitioner filed Objections on June 11, 2001 **[Doc. No. 14]**. Having reviewed Petitioner's objections *de novo,* the Court finds they are without merit to the extent that they dispute the findings presented in the Magistrate Judge's Proposed Findings and Recommendation. Accordingly, the Magistrate Judge's Proposed Findings and Recommended Disposition will be **ADOPTED**. Nonetheless, the matter will be **REMANDED** to the Magistrate Judge for consideration of an additional claim raised in Petitioner's Objections.

    Petitioner argues in his objections that he was "forced" to proceed *pro se* at his trial. Specifically, he argues that he "did not wish to represent himself at trial or on appeal," that counsel told Petitioner "he could not defend him and insisted that Petitioner just take a plea bargain and get it over with," and that the trial judge "denied Petitioner's motion [for counsel] claiming there was no time for a delay and forced him to represent himself at trial." Objections at ¶ 2.

If it is true that Petitioner asked to be represented at trial and was denied this opportunity, this would represent a clear violation of Petitioner's Sixth Amendment right to counsel. *See United States v. Cronic*, 466 U.S. 648, 654 (1984) ("If no actual 'Assistance' 'for' the accused's 'defence' is provided, then the constitutional guarantee has been violated."). Therefore, this matter shall be remanded to the Magistrate Judge for a determination of this claim and, if appropriate, appointment of counsel and/or an evidentiary hearing.

Two additional matters merit consideration. First, Petitioner filed a motion for appointment of counsel after the Magistrate Judge had already entered her Proposed Findings and Recommendation, and the Magistrate Judge denied Petitioner's motion. Upon the filing of timely objections,[1] this Court reviews a Magistrate Judge's decision on a nondispositive matter to determine whether it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). As the Magistrate Judge correctly noted, the appointment of counsel in *habeas corpus* proceedings where no evidentiary hearing is held is discretionary. *See Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir.1994). Moreover, the failure to appoint counsel in this case did not result in "fundamental unfairness." *McCarthy v. Weinberg*, 753 F.2d 836 (10th Cir. 1985). Therefore, the Magistrate Judge's denial of Petitioner's motion for appointment of counsel was not "clearly erroneous or contrary to law."

---

[1] The Magistrate Judge entered her Proposed Findings and Recommendation, recommending that the *habeas corpus* be denied, on April 17, 2001. Petitioner then filed a joint motion for appointment of counsel and motion for an extention of time to file objections. On May 4, 2001, the Magistrate Judge entered an order denying Petitioner's motion for appointment of counsel and granting his motion for an extention of time. Petitioner then filed his Objections, addressing both the Magistrate Judge's ruling on the motion for appointment of counsel and the Magistrate Judge's Recommendation with respect to the *habeas corpus* petition. The Court will therefore treat Petitioner's Objections as a joint filing under Fed. R. Civ. P. 72(a) and 72(b).

Second, Petitioner argues that it was difficult for him to file meritorious objections because he has been deprived of access to a law library. A claim of this type, however, is properly brought in a civil rights complaint filed under 42 U.S.C. § 1983, alleging that petitioner diligently pursued his legal claims, *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 525 U.S. 891 (1998), and that his lack of access to a library hindered his effort to pursue his legal claims, i.e., that it resulted in "actual injury." *See McBride v. Deer,* 240 F.3d 1287, 1290 (10th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).

Wherefore,

IT IS HEREBY ORDERED THAT:

1. The Magistrate Judge's Proposed Findings and Recommended Disposition **[Doc. No. 14]** is **ADOPTED**; and

2. The action is **REMANDED** to the Magistrate Judge for consideration of Petitioner's Sixth Amendment claim.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE