IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOSEPH ROBERT SAAVEDRA,

       Petitioner,

v.                                                                       CIV 01-64 MV/KBM

TIM LeMASTER, Warden, et al.,

       Respondents.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

      In April, I entered proposed findings recommending that the ten issues Petitioner raised in his § 2254 petition be dismissed with prejudice. *Doc. 10.* In his objections, Petitioner raised a new and unexhausted claim. District Judge Martha Vázquez adopted the findings but remanded the new claim for consideration.[1] *See Docs. 14-15.* Thereafter, I ordered supplemental briefing. In its supplemental answer and motion to dismiss the new claim, Respondent argues that the claim should be dismissed as unexhausted, since it has never been raised in any state court proceeding, or should be dismissed because it is conclusory. *See Docs. 18, 19.* In his opposition, Petitioner asks to expand the federal record to proceed to the merits of the claim, and while he offers explanations why the new claim was never raised, he does not dispute it is in unexhausted. *Doc. 20.*

---

[1] Thus, although new claims raised for the first time in objections are deemed waived, the Court has excused waiver and permitted Petitioner to amend his § 2254 petition. *See e.g., Tracy v. Addison,* 2001 WL 901142 at *2 n.4 (10th Cir. 2001) ("'[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived,' *Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir. 1996).")

When a federal habeas court is faced with a mixed petition of exhausted and unexhuasted claims, this Court should make two inquiries. The first inquiry is whether the claim would be deemed procedurally defaulted in the state courts. Respondents observe that there is a state habeas case by Petitioner currently pending in which Petitioner has raised a number of claims "some of which duplicate claims rejected by the District Court here" and where Petitioner also "has been appointed counsel." Thus, I cannot conclude with a degree of confidence that the new claim would be procedurally-barred should he seek to raise it there. *E.g., Harris v. Champion,* 48 F.3d 1127, 1131 n.3 (10th Cir. 1995) (citing *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991)).

The second inquiry is whether the Court should exercise its authority to deny an unexhausted claim having no merit.[2] Petitioner's allegations are sufficient to raise the claim, but they only appear conclusory at this point because there is no record against which to evaluate the factual and legal basis of the claim. Principles of comity dictate that under these circumstances

---

[2] This court has held that section 2254(b)(2) is a codification of the holding in *Granberry v. Greer,* 481 U.S. 129 (1987), under which a federal court that is convinced that the petition has no merit may deny the petition on the merits rather than apply the exhaustion rule. *Hoxsie v. Kerby,* 108 F.3d 1239, 1242-43 (10th Cir. 1997) (quoting *Granberry,* 481 U.S. at 134). Similarly, the Supreme Court has indicated that when an unexhausted claim is easily resolvable against the habeas petitioner, the district court may apply section 2254(b)(2) and deny the claim on the merits. See *Lambrix v. Singletary,* 520 U.S. 518, 525 (1997). Thus, under section 2254(b)(2), where the district court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the defendant, the court may reach the merits of the claim rather than dismiss the petition.

*Rudolph v. Galetka,* 208 F.3d 227 (10th Cir. 2000) (unpublished) (internal quotations omitted).

the state courts should address the claim in the first instance.

This Court therefore now faces a mixed petition with an unexhausted claim that it appears Petitioner can raise in the state court. The Court cannot simply dismiss the unexhausted claim. "[In *Harris*] the Tenth Circuit has held specifically that a district court must dismiss an entire mixed petition rather than dismissing only the unexhausted claims." *Aragon v. Shanks,* 185 F.3d 873 (10th Cir. 1999) (unpublished) (case from District of New Mexico).

Wherefore,

**IT IS HEREBY ORDERED** that Petitioner inform the Court whether he wants to: (1) withdraw his unexhausted claim and proceed to entry of final judgment in this case based on the adoption of my prior recommendation; or (2) proceed with his unexhausted claim. Petitioner shall indicate his choice in timely objections to this recommended disposition.

**IT IS FURTHER RECOMMENDED** that if Petitioner elects to proceed with the unexhausted claim, Judge Vázquez's prior adoption should be vacated and the entire matter dismissed without prejudice so Petitioner can proceed to exhaust the new claim in the state courts.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE